IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SAKINAL CHRISTION, as mother**     **PLAINTIFF**
**and next friend of D.J.R., a minor**

V.     NO. 4:23-CV-201-DMB-JMV

**LOWE'S HOME CENTERS, LLC;**
**LOWE'S HOME CENTERS, INC.;**
**LOWE'S OF MISSISSIPPI, INC.;**
**BERNADETTE WRIGHT; and**
**JOHN DOES 1-10**     **DEFENDANTS**

**OPINION AND ORDER**

More than a year after Sakinal Christion filed her original complaint in state court, Lowe's Home Centers, LLC, removed the case based on diversity jurisdiction. Requesting remand, Christion contends removal was untimely under 28 U.S.C. § 1446(c)(1). Because removal was untimely and Christion has not been shown to have acted in bad faith to prevent removal, remand will be granted.

**I**
**Background and Procedural History**

On July 13, 2022, Sakinal Christion, as mother and next friend of D.J.R., a minor, filed a complaint in the Circuit Court of Washington County, Mississippi, against Lowe's Home Centers, LLC ("Lowe's LLC"), Lowe's Home Centers, Inc. ("Lowe's Inc."), Lowe's of Mississippi, Inc. ("Lowe's MS"), Bernadette, and John Does 1–10. Doc. #2. Asserting claims of negligence, failure to warn, negligent infliction of emotional distress, and gross negligence, the complaint alleged D.J.R. sustained injuries when tripping over a pallet at a Lowe's Home Center in Greenville, Mississippi, while attempting to run from wasps disturbed by two store employees using blowers to clean the store's ceiling or outer border. *Id.* at 3–4. The same day the complaint was filed, a

summons was issued for each defendant, including Bernadette. Doc. #14-4 at PageID 200, 202, 204, 206.

On November 5, 2022, Christion moved for an extension of time to complete service of process on Bernadette and Lowe's MS.[1] Doc. #14-8 at PageID 208–09. Regarding Bernadette, Christion represented that she "attempted to identify Bernadette without success" and "in a letter dated April 22, 2020 … specifically asked [Lowe's LLC and Lowe's Inc.] to provide documents that would have identified Bernadette" but they "failed to respond to [her] request." Doc. #14-8 at PageID 209; *see* Doc. #10-1.

Over five months later, on April 11, 2023, Lowe's LLC's counsel e-mailed Christion's counsel providing Bernadette's full name. Doc. #22-1 at PageID 253. On May 8, 2023, Christion filed an amended complaint naming as defendants Lowe's LLC, Lowe's Inc., Bernadette Wright, and John Does 1-10, seeking $7,500,000.00 in actual, compensatory, consequential, and incidental damages, and $7,500,000.00 in punitive damages. Doc. #21 at 10. Three days later, a summons was issued for Wright. Doc. #14-12. Wright has not been served with the summons and complaint.

On October 27, 2023, Lowe's LLC removed the case to the United States District Court for the Northern District of Mississippi,[2] asserting diversity jurisdiction.[3] Doc. #1. Lowe's LLC

---

[1] It is unclear from the state court record whether the extension was granted. It does not appear that Christion ever served process on Lowe's MS.

[2] Contrary to Federal Rule of Civil Procedure 5.2 (and Local Rule 5.2), which became applicable upon the removal of the case from state court, the original complaint indicates the minor's full name (as does the amended complaint). Docs. #2, #21.

[3] The removal notice states that Lowe's LLC removed this case "pursuant to 28 U.S.C. §§ 1332, 1441, and 1446," asserting "[v]enue is … proper in this district pursuant to 28 U.S.C. § 1441(a)." Doc. #1 at 1, 6. Under 28 U.S.C. § 1446(b)(2)(A), when venue is proper pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Though not mentioned by any party, Lowe's Inc., as a properly joined and served defendant, was required to consent to removal by either "sign[ing] the original petition for removal" or filing a "timely … written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). While Lowe's LLC and Lowe's Inc. share the same counsel of record, Lowe's Inc. has not indicated in any filing that it joins in or consents to removal. *See Haynes v. Take 5 Props. SPV, LLC*, No. 22-183, 2023 WL 2620904, at *4–5, 7 (M.D. La. Mar. 3, 2023) (28 U.S.C. § 1446(b)(2)(A) not satisfied where removal notice states that "counsel represents all served defendants" and "all named defendants have agreed to … removal" because "such

and Lowe's Inc. answered the amended complaint six days later. Doc. #5. On November 27, 2023, Christion moved to remand the case, Doc. #8, but the Clerk of the Court directed her to refile the motion in accordance with Local Rule 7(b)(2)(B).

Christion filed "Plaintiff's Amended Motion to Remand" on November 29, 2023. Doc. #10. After being granted two requested extensions, Lowe's LLC responded in opposition to the motion to remand on January 25, 2024.[4] Docs. #16, #20, #22.

On February 10, 2024, Christion filed a motion requesting a hearing and oral argument on her amended motion to remand. Doc. #26. Lowe's LLC filed an untimely[5] response opposing the requests on February 27, 2024. Doc. #27.

## II
## Removal Considerations

28 U.S.C. § 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction … more than 1 year after commencement of the action, unless the district court finds

---

a statement … is insufficient to establish that [counsel] … could … consent to removal on behalf of Non-Removing Defendants."). Regardless, because it has been more than thirty days since Lowe's LLC removed the case, any objection to removal based on lack of consent or joinder has been waived since failure to consent to removal is not jurisdictional and any defect in removal (other than subject matter jurisdiction) must be raised within thirty days of removal. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal petition is not a jurisdictional defect."); 28 U.S.C. § 1147(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a).").

[4] On February 3, 2024, Christion filed an "Unopposed Motion to File Out-of-Time Reply to Defendant Lowe's Response in Opposition to Plaintiff's Amended Motion to Remand," Doc. #24, which the Court denied without prejudice because "Christion's proffered reason for missing the February 1 deadline—a 'calendaring error'—is insufficient to demonstrate excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B), Doc. #25 at PageID 268–69.

[5] *See* L.U. Civ. R. 7(b)(4); Fed. R. Civ. Pro. 6(a).

3

that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

"On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. … Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (cleaned up).

### III
### Discussion

In requesting remand, Christion submits that Lowe's LLC's notice of removal "is untimely as this action was removed more than one year after it was filed in contravention of 28 U.S.C. § 1446(c)(1);" "this removal does not come close to being within the exception which permits removal after this one-year limitation;" and "[t]here is no showing that [she] 'acted in bad faith in order to prevent [Lowe's] from removing the action.'" Doc. #10 at 1 (quoting 28 U.S.C. § 1446(c)(1)). Lowe's LLC argues in response that "removal is proper based on the bad-faith exception to the one-year bar found within § 1446(c)(1)" because Wright is an improperly joined defendant. Doc. #22 at 1.

#### A. Improper Joinder

There is no dispute that complete diversity is lacking because both Christion and Wright are citizens of Mississippi. Doc. #1 at 2–3. In the removal notice, Lowe's LLC asserts that diversity jurisdiction exists because "[p]ursuant to M.R.C.P. 4(h), [Christion] had 120 days from [when] the summons was issued to serve Wright with the summons and complaint" and because Christion "[did] not serve Wright with the Summons and Complaint" within that timeframe, Wright is an improperly joined non-diverse defendant. *Id.* at 3, 4.

4

In support of remand, Christion argues that because "there is simply no evidence … that she manipulated the jurisdictional facts" or has "taken any action in bad faith," "Lowe's heavy burden of demonstrating improper joinder cannot be met." Doc. #11 at 7. While Lowe's LLC responds that this "Court maintains diversity jurisdiction because Christion improperly joined Wright as a defendant for the sole purpose of avoiding removal," Doc. #23 at 3, it never mentions improper joinder again in its brief.[6]

This Court and "courts in [the Fifth Circuit] have held that the improper joinder doctrine does not implicate § 1446(c)'s bad faith." *Roberson v. Respironics, Inc.*, No. 4:20-cv-174, 2021 WL 2179265, at *2 (N.D. Miss. May 28, 2021); *see, e.g.*, *TK Trailer Parts, LLC v. Long*, No. 4:20-cv-2864, 2020 WL 6747987, at *5 (S.D. Tex. Nov. 2, 2020).[7] The key inquiry here then is whether Christion acted in bad faith to prevent a timely removal, not whether Wright is an improperly joined non-diverse defendant.

### B. Bad Faith

Although "the Fifth Circuit has not settled on a clear standard for determining 'bad faith' under § 1446(c)," district "[c]ourts in the Fifth Circuit have focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute." *Flores v. Intex Recreation Corp.*, No. 2:20-cv-73, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020) (collecting cases). "[T]he question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation

---

[6] Lowe's LLC indicated in the removal notice that "a Rule 12(b)(6)-type analysis" was necessary to "demonstrate[] that there is no possibility of recovery by the plaintiff against the in-state defendant." Doc. #1 at 3 (quoting *Bell v. Texaco, Inc.*, 493 F. App'x 587, 591 (5th Cir. 2012); *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). But it did not perform a Rule 12(b)(6)-type analysis in response to the motion to remand. *See generally* Doc. #23.

[7] This is consistent with the decisions of district courts in other circuits. *See, e.g., Somera Cap. Mgmt., LLC v. Twin City Fire Ins. Co.*, No. 20-4277, 2020 WL 3497400, at *2 (C.D. Cal. June 29, 2020) ("The bad faith exception [is] distinct from the doctrine of fraudulent joinder."); *Massey v. 21st Century Centennial Ins. Co.*, No. 2:17-cv-1922, 2017 WL 3261419, at *3 (S.D.W.V. July 31, 2017) ("Plaintiff confuses the bad faith standard with the standard for proving fraudulent joinder.").

conduct [was] meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (quoting 28 U.S.C. § 1446(c)(1)). "In general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without 'clear and convincing proof.'" *TK Trailer Parts*, 2020 WL 6747987, at *5 (quoting *Boney v. Lowe's Home Centers, LLC*, No. 3:19-cv-1211, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019)). As the removing party here, Lowe's LLC has the burden of showing that Christion acted in bad faith. *Tex. Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).

In urging remand, Christion argues that "there is simply no evidence that [she] did anything which supports [Lowe's LLC's] claim that she manipulated jurisdictional facts" or has "taken any action in bad faith"[8] because

> she amended [her] Complaint, filed it and attempted to serve [Wright] through the Washington County Sheriff's Office after learning her name. She asked the Sheriff to serve Bernadette Wright as soon as possible. No default judgment was taken because Bernadette Wright could not be found. No promise was made to diligently prosecute Bernadette Wright because again, she could not be found. No discovery was propounded and no deposition was taken for the same reason. [She] has not failed to file a required expert witness report or any other report. She never requested continuances at jurisdiction hearings or any other hearing and she has not settled with Bernadette Wright.

---

[8] Christion distinguishes this case from *Lawson v. Parker Hannifan Corporation*, No. 4:13-cv-923, 2014 WL 1158880, (N.D. Tex. Mar. 20, 2014), arguing that it "provides absolutely no support for Lowe's claim of forum manipulation" because "[u]nlike *Lawson*, this case is devoid of any facts that could be characterized as an attempt to manipulate" the forum. Doc. #11 at 7. Lowe's LLC does not discuss *Lawson* in response to the motion to remand (or in its removal notice). *See generally* Docs. #1, #23. Based on the Court's review of *Lawson*, the Court agrees *Lawson* does not support a finding that Christion acted in bad faith because Christion did not engage in any of the actions the United States District Court for the Northern District of Texas found to be indicative of bad faith. The *Lawson* plaintiff "waited seven (7) months following filing of her Original Petition to serve [the non-diverse defendant];" "did not take a default judgment against [the non-diverse defendant] when he failed to timely file an answer in the State Court action;" despite promising to "diligently prosecute the case," "never served [the non-diverse defendant] with any discovery;" "non-suited [the non-diverse defendant] approximately one year and three months following the expiration of the one-year removal deadline;" agreed to a settlement with the non-diverse defendant in which the non-diverse defendant was not required to pay any amount of money "to settle [the plaintiff's] allegedly egregious claim;" and "took her nonsuit against [the non-diverse defendant] less than five weeks before the existing trial date." *Lawson*, 2014 WL 1158880, at *5 (emphasis omitted).

6

Doc. #11 at 7.[9]

Lowe's LLC responds that "Christion's single, half-hearted attempt to have Wright served within the 120-day jurisdictional period" required under Mississippi Rule of Civil Procedure 4(h)[10] "constitutes bad faith according to well-reasoned case law decided within the Fifth Circuit." Doc. #23 at 3. Specifically, it argues Christion acted in bad faith when she (1) "named Wright as a defendant but originally only by her first name;" (2) waited until May 8, 2023, to amend her complaint to include Wright's last name even though it provided her with the name on April 11, 2023; (3) "sent a letter to [the] Washington County Sheriff requesting service upon Wright" on May 18, 2023,[11] but did not communicate with the Sheriff's Department until after she found out Wright was not served on September 14, 2023; (4) "did not communicate with the Sheriff's Department upon receiving the unexecuted return;" and (5) "did not engage a private process server to accomplish service, nor employ any other means" besides the Washington County Sheriff "to effect service." Doc. #23 at 7–8. Lowe's LLC relies on *Estate of Ross v. Eldridge*, No. 3:22-cv-660, 2022 WL 17096997 (S.D. Miss. Nov. 21, 2022), in which the United States District Court for the Southern District of Mississippi determined a plaintiff acted in bad faith when he failed to serve the non-diverse defendant.[12] *Id.* at 4–9.

---

[9] Christion also argues that the letter her counsel sent to Lowe's LLC on April 22, 2020, "requesting that it 'forward this office any and all incident reports, and/or investigative reports by any other name, in any manner related to this incident,'" indicates she was not acting in bad faith. Doc. #11 at 2 (quoting Doc. #10-1). To the extent such documents would have revealed Wright's information, the Court agrees with Christion that this cuts against Lowe's bad faith argument.

[10] In the "Introduction and Facts" section of its brief, Lowe's LLC states that because "Rule 4(h) of the Mississippi Rules of Civil Procedure imposes a 120-day time limit from the filing of a complaint to serve a defendant with a claim," and "[t]he 120-day period in this matter expired on September 8, 2023, without Wright having been served," "[a]s a matter of law, the claim against Wright is now time-barred." Doc. #23 at 2–3. Because this statute of limitations argument is only relevant insofar as it may indicate bad faith on Christion's part, it will be considered only for such purpose.

[11] The record indicates summons was issued on May 11, 2023. Doc. #14-12 at PageID 224.

[12] Lowe's LLC also seems to rely on the Fifth Circuit's decision in *Hoyt* where it noted that because "the plaintiffs pursued their claim against the non-diverse defendant only 'half-heartedly,'" they acted in bad faith. Doc. #23 at 4–5, 7–8. But in determining the plaintiff acted "half-heartedly" and thus in bad faith, the Fifth Circuit in *Hoyt* evaluated

7

In *Estate of Ross*, the court found bad faith where the non-diverse defendant was never served (though "[s]ummonses were issued for [him]") but the plaintiffs clearly had the ability to serve the non-diverse defendant because they successfully served him with a trial subpoena. 2022 WL 17096997, at *1, 3–4. Similarly, Christion has not served Wright. But unlike the *Estate of Ross* plaintiffs, Christion had a summons issued for Wright twice—on July 13, 2022, and on May 11, 2023;[13] served interrogatories "asking that Lowe's identify the female worker referred to as Bernadette;"[14] moved for an extension on November 5, 2022, to complete service of process on Wright;[15] less than a month after Lowe's LLC provided Wright's full name on April 11, 2023,[16] amended her complaint to include Wright's full name on May 8, 2023;[17] and had summons re-issued for Wright three days later on May 11, 2023.[18] Based on these efforts by Christion—and that nothing indicates Christion would be able to successfully serve Wright with a trial subpoena—Lowe's LLC has not shown by clear and convincing proof that Christion acted in bad faith to prevent removal during § 1446(c)'s one-year removal period.[19] Because any ambiguities are

---

the plaintiffs' knowledge that evidence would not support the claims against the non-diverse defendant; the timing of the dismissal relative to the one-year bar; whether the plaintiffs had received consideration for their dismissal of the non-diverse defendant; and the way the plaintiffs pursued the claims against the non-diverse defendant. 927 F.3d at 292–93. In contrast, Lowe's LLC's argument that Christion acted "half-heartedly" hinges entirely on the question of service of process. *See generally* Doc. #23 at 6–8.

[13] Doc. #14-4, #14-12.

[14] Doc. #10-2 at PageID 115.

[15] Doc. #14-8.

[16] Doc. #22-1 at PageID 253. Lowe's LLC argues bad faith is indicated by Christion waiting one month to amend her complaint after it provided Wright's full name. Doc. #23 at 7. But as described above, on November 11, 2022, Christion moved for an extension to serve Wright in part because Lowe's LLC had not responded to her counsel's April 22, 2020, letter request to disclose Wright's full name, which Lowe's LLC did not do until April 11, 2023.

[17] Docs. #14-11, #21.

[18] Doc. #14-12.

[19] Lowe's LLC attempts to distinguish this case from this Court's decision in *Roberson*, arguing that because the Court found no bad faith where "Roberson named the non-diverse defendant in the action, completed service of process, and took the defendant's deposition," and Christion "has not taken one of the first, most <u>fundamental</u> steps to pursue an action against Wright—serving her with process," the Court should find Christion acted in bad faith. Doc. #23 at 9 (emphasis in original). While Christion has not served process on Wright or taken Wright's deposition, Christion named "Bernadette" in her original complaint; had summons issued for "Bernadette;" once informed of Wright's full

construed against removal and because it is undisputed that Lowe's LLC filed its notice of removal after the one-year removal period, remand is warranted.

## IV
## Motion for Hearing

Since the Court determined remand is warranted, Christion's motion for a hearing and oral argument on her amended motion to remand will be denied as moot.

## V
## Conclusion

Christion's amended motion to remand [10] is **GRANTED** and her "Motion for Hearing and Oral Argument" [26] is **DENIED as moot**. This case is REMANDED to the Circuit Court of Washington County, Mississippi.

**SO ORDERED**, this 30th day of May, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

name, amended her complaint to fully name Wright; and had summons issued for "Bernadette Wright." Regardless, the characteristics the Court outlined in *Roberson*, while sufficient to support a finding of no bad faith, are not required for such a finding.